# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **SHAWN D. CLIFT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-16-1096-R** |
| | ) | |
| **DAVID J. PANTHER** | ) | |
| **and UNITED PARCEL SERVICE,** | ) | |
| **INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Before the Court is Defendants' Motion for Partial Summary Judgment (Doc. No. 61)), to which Plaintiffs have filed an objection (Doc. No. 69). Additionally, Defendants filed a reply in support of their position. (Doc. No. 85). For the reasons set forth herein, the Motion for Partial Summary Judgment is granted.

On June 11, 2015, Plaintiff was injured in a collision between the vehicle he was towing and a semi-truck Defendant Panter was driving on behalf of Defendant UPS. At approximately 4:00 a.m. on that date, after missing his intended exit from north bound Interstate 35, Mr. Clift, who was towing a Toyota Corolla with his wrecker, made a u-turn onto south bound I-35. He immediately directed his wrecker and the towed vehicle into the outside lane, in order to take advantage of the approaching exit. At the time Mr. Clift made his turn, Defendant Panther, who admits he dozed off while driving, was headed south bound on I-35. When Panther realized Clift's vehicles were in front of him, he applied the brakes and attempted to swerve right, but was unable to avoid contact between his semi

and the Corolla. As a result, the Corolla was pushed into the wrecker, and Mr. Clift seeks to recover for the damages he allegedly suffered in the accident and punitive damages based on Mr. Panther's admission that he dozed off and that he likely dozed off because his normal daytime sleep on the date preceding the accident was disrupted by construction noise from a neighbor's residence. Defendants seek summary judgment on the issue of punitive damages, which they contend Oklahoma law does not provide for under the facts of this case.

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). "A genuine dispute as to a material fact 'exists when the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party.'" *Carter v. Pathfinder Energy Servs., Inc.*, 662 F.3d 1134, 1141 (10th Cir. 2011) (quoting *Zwygart v. Bd. of Cnty. Comm'rs*, 483 F.3d 1086, 1090 (10th Cir.2007)).

Under Oklahoma law, punitive damages are recoverable when "the jury finds by clear and convincing evidence that . . . [t]he defendant has been guilty of reckless disregard for the rights of others" or "acted intentionally and with malice towards others." 23 Okla. Stat. 9.1(B). Plaintiff argues he has sufficient evidence to establish he is entitled to punitive damages, because there is evidence that Mr. Panther knew he was sleep deprived but continued his drive, that his employer would not have penalized him if he had stopped to

nap or sought a replacement employee for his haul to DFW.[1] The Court finds even construing the facts in the light most favorable to Plaintiff, the record lacks clear and convincing evidence that Defendant Panther's behavior on the date of the accident was reckless or that he acted intentionally and with malice toward others. There are no allegations that Defendant Panther operated his vehicle in excess of the number of hours a commercial driver may operate without rest or that he doctored his log books to avoid detection of such violations. The Court finds the record lacks clear and convincing evidence that Defendant Panther acted in reckless disregard for the rights of others or intentionally and with malice. As such, Defendants are entitled to summary judgment on the issue of punitive damages and their motion is therefore GRANTED.

IT IS SO ORDERED this 22nd day of January 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[1] Mr. Panther testified that he intended to exist at mile marker 47 to sleep; the accident occurred near mile marker 55.